UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
THE HILB GROUP OF NEW YORK, LLC, :
:
              Movant, :
:     23-mc-264 (LJL)
   -v- :
:         ORDER
ASSOCIATED AGENCIES, INC., et al., :
:
              Respondents. :
:
-----------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/10/2023

LEWIS J. LIMAN, United States District Judge:

      This miscellaneous action was initiated on August 8, 2023, by motion to compel respondents Jordan Perlmutter, Jodi Perlmutter (together "the Perlmutters"), and Pivot Media Ventures, LLC ("Pivot") (collectively the "Respondents") to comply with the Hilb Group of New York, LLC's ("Movant") subpoena of Pivot on March 16, 2023 and subpoena of the Perlmutters on June 6, 2023. Dkt. No. 1. The subpoenas were issued in connection with an action currently pending in the Eastern District of New York. Dkt. No. 11 at 1; *see The Hilb Group of New York LLC v. Associated Agencies, Inc. et al.*, No. 2:22-cv-4131-JMA-ST (E.D.N.Y. July 26, 2022). The subpoenas, which were served on non-party Pivot on March 16, 2023 and non-party the Perlmutters on June 6, 2023, seek documents and communications related to Respondents' plans to hire a former employee of Movant, Respondents' knowledge of Movant's products, policies, or brokers, and other information Respondents know or have reason to believe were obtained from or belong to Movant. Dkt. No. 11 at 1-2. Respondents have not appeared in this case and Movant's motion is unopposed.

      Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee's 2013 Note to Rule 45(f) suggests that "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas" but that "[i]n some circumstances . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. "Rule 45(f) [is] primarily focused on avoiding piecemeal litigation." *Am. Plan Administrators v. S. Broward Hosp. Dist.*, 39 F.4th 59, 61 (2d Cir. 2022) (holding that an order transferring a motion under Rule 45(f) is not immediately appealable). Courts in this District have "transferred similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing

court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency." *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022) (internal quotation marks, citations, and alterations omitted).

Transfer of this action to the Eastern District of New York is appropriate in this case. Magistrate Judge Tiscione and Judge Azrack are best positioned to adjudicate the enforcement of this subpoena. Additionally, Respondents have not appeared nor have Respondents articulated any interests in having the motion resolved in this District. "[T]he Court concludes that the judicial economy and consistency considerations outweigh any potential burden that a transfer may place on" Respondents. *Drummond Co., Inc. v. VICE Media LLC*, 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (Nathan, J.) (transferring motion to compel compliance with a Rule 45 subpoena because discovery was complicated and the court adjudicating the complex underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

Accordingly, the Clerk of Court is respectfully direct to transfer this case to the Eastern District of New York, to terminate all pending motions, and to close this case.

SO ORDERED.

Dated: August 10, 2023
      New York, New York

_____
LEWIS J. LIMAN
United States District Judge